UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARQUISE LOUIS DRUMWRIGHT, | Case No.: 1:22-cv-01410-JLT-SKO (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| C. HUCKLEBERRY, et al., | (Doc. 22) |
| Defendants. | **14-DAY OBJECTION PERIOD** |

Plaintiff Marquise Louis Drumwright is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Gomez for alleged violations of the First and Eighth Amendments.

**I.     INTRODUCTION**

Defendant Gomez filed a motion to dismiss on December 11, 2023. (Doc. 22.) Plaintiff opposed (Doc. 25) and Defendant replied (Doc. 29).

On April 2, 2024, the Court issued its Order Denying Plaintiff's Request to File Sur-Reply. (Doc. 31.)

**II.    THE BRIEFING**

*Defendant Gomez's Motion*

Defendant Gomez states Plaintiff failed to timely present his claims and his claims are barred by the applicable statute of limitations. (Doc. 22 at 5.) Defendant contends that although

Plaintiff's claim accrued on July 9, 2018, Plaintiff filed this action on October 6, 2022, nearly three months after the statute of limitations period expired. (*Id*. at 5-6.) Defendant requests that this action should be dismissed with prejudice. (*Id*. at 6.)

Defendant also contends Plaintiff's Eighth Amendment excessive force claim is barred by the *Heck*[1] favorable termination rule and must be dismissed with prejudice. (Doc. 22 at 6.) Defendant states Plaintiff was found guilty of willfully resisting a peace officer and lost 90 days of unrestored good conduct credits. (*Id.* at 7.) Defendant states that success on Plaintiff's excessive force claim would necessarily invalidate the prison disciplinary penalty because the facts relied on for the guilty finding are fundamentally inconsistent with Plaintiff's claim in this action. (*Id*.) Defendant contends a fact finder could not conclude that he forced Plaintiff to the ground without provocation and that Plaintiff violently resisted an escort requiring him to be taken to the ground. (*Id*. at 8.)

### *Plaintiff's Opposition*[2]

Plaintiff contends a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "not an appropriate mechanism" because Defendant's motion relies upon disciplinary proceedings not addressed in his complaint. (Doc. 25 at 1-2.) Plaintiff states he has not been afforded an opportunity to conduct discovery and that consideration of the prison disciplinary proceedings requires the Court to convert Defendant's motion to dismiss to a motion for summary judgment. (*Id*.)

Regarding the applicable statute of limitations, Plaintiff states he is entitled to tolling because he sought state postconviction relief. (*Id*. at 3.) Plaintiff states he "did not receive the exhaustion of his remedies until August 8, 2022," and has pursued "his rights diligently as he was able to file his complaint in less than 60 days from the ruling of his state remedies." (*Id*. at 3-4.)

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[2] Plaintiff's opposition includes several exhibits, including an Abstract of Judgment dated August 1, 2022, and filed in the Riverside County Superior Court (Doc. 25 at 11), a copy of "case print" dated August 1, 2022, from that same court (*id*. at 12), an Abstract of Judgment and case print dated August 22, 2023, filed in the Riverside County Superior Court (*id*. at 13-14), a Claimant Grievance Receipt Acknowledgement concerning Log #256902 dated May 17, 2022 (*id*. at 15), and a 602 Inmate/Parolee Appeal, and related attachment pages, signed May 15, 2022, bearing Log #256902 (*id*. at 16-19).

2

1    Plaintiff states that following a dismissal without prejudice in another action filed in this Court in
2    case number 1:20-cv-00939-AWI-EPG, he filed a 602 appeal within 30 days of the dismissal in
3    the other action, demonstrating his diligence. (*Id*. at 4-5.)
4         Plaintiff contends the *Heck* bar does not apply to prisoners who seek damages instead of
5    injunctive relief and he is "not challenging the validity of a disciplinary hearing or administrative
6    sanction or to the fact or duration of his confinement." (*Id*. at 5.) Plaintiff states he was
7    resentenced pursuant to California Penal Code section 1172.75(a) and that proceeding "restored
8    the time loss." (*Id*. at 5-6.) Plaintiff also contends Defendant's request for judicial notice of the
9    rules violation report is improper because Defendant "looks to use judicial notice of 'the
10   existence and content of the rules violation report.'" (*Id*.)

***Defendant Gomez's Reply***

12        Defendant alleges that Plaintiff fails to demonstrate how his Eighth Amendment excessive
13   force claim could coexist with the guilty finding for rules violation report Log No. 525647. (Doc.
14   29 at 2.) Plaintiff does not dispute that he lost 90 days good time credits and Defendant contends
15   Plaintiff does not and cannot demonstrate that the loss of good time credits did not lengthen his
16   sentence. (*Id*.) Defendant further contends that the *Heck* favorable termination rule applies to
17   claims such as Plaintiff's because if his damages claim were to succeed it would necessarily
18   imply invalidity of the previously imposed good time credit loss. (*Id*.)
19        Defendant states that this Court should take judicial notice of the content and existence of
20   the disciplinary records as they are undisputed. (*Id*.) Defendant notes that Plaintiff submitted "an
21   inmate appeal without judicial notice in support of his opposition to Defendant's statute of
22   limitations argument." (*Id*. at 4.) Because Plaintiff's argument concerning equitable tolling of the
23   statute of limitations "and any counter-argument by Defendant" would require submission of
24   evidence beyond the face of the complaint, Defendant requests that, should the Court deny the
25   motion on statute of limitations grounds, the denial be without prejudice to Defendant reasserting
26   that defendant at the summary judgment stage following discovery. (*Id*.)
27   //
28   //

### III. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff contends that on July 8, 2018, he advised Defendant Gomez that he felt unsafe on Facility D-yard. (Doc. 1 at 6.) He states that while expressing his concerns to Gomez, another inmate "intervened [and] expressed the danger(s) if Plaintiff stayed on the yard." (*Id.*) Plaintiff contends Gomez disregarded his concerns and refused to remove him from the yard. (*Id.*) Gomez told Plaintiff, "They won't take it home.'" (*Id.* at 7.) Plaintiff was attacked the following day by "three combatants." (*Id.* at 6-7.)

Plaintiff states that when was attacked on July 9, 2018, he was the victim. (Doc. 1 at 6.) Plaintiff contends he was "battered while attempting to 'prone out'" and then again when attempting to follow orders. (*Id.*) Plaintiff contends he "was tripped [and] slammed down on the jagged gravel," on the Facility D-patio, by Gomez during the escort to medical that followed. (*Id.* at 7.) He contends he suffered an injury to his left eyebrow, requiring eight stitches. (*Id.* at 8.)

### IV. EVIDENTIARY MATTERS

#### *Defendant's Request for Judicial Notice*

Defendant seeks judicial notice of the following documents pursuant to Rule 201(b)(2) of the Federal Rules of Evidence:

1. A Legal Status Summary dated November 20, 2023, generated by the Strategic Offender Management System (SOMS), indicating Plaintiff is serving a determinate 11 year, 4 month prison sentence (Doc. 22-2 at 4-9)
2. A Rules Violation Report dated July 9, 2018 (Doc. 22-2 at 11-13)
3. Disciplinary Hearing Results dated August 8, 2018 (Doc. 22-2 at 14-21.)

Defendant contends the following facts from those documents are not subject to reasonable dispute: (1) Plaintiff is serving a determinate 11 year, 4 month prison sentence; (2) Plaintiff was issued a rules violation report, Log No. 5252647, for willfully resisting a peace officer; (3) Plaintiff was found guilty of the charges issues in the rules violation report and lost 90 days good conduct credit; (4) the loss of 90 days good conduct credit has not been restored; and (5) the "existence and content, although not for the truth of the matters asserted therein" of rules violation report, Log No. 5252647. (Doc. 22-1 at 2-3.)

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of "information [that] was made publicly available by government entities" where "neither party disputes the authenticity ... or the accuracy of the information." *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

Judicial notice can be taken of the official records of the California Department of Corrections and Rehabilitation. *See Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004). Federal courts have recognized that rule violations reports or RVRs fall within the category of public records subject to judicial notice. *See, e.g.*, *Jones v. Harrington*, No. 1:10-CV-00212-AWI-GSA, 2010 WL 3341597, at *1 (E.D. Cal. Aug. 24, 2010) (taking judicial notice of RVR in habeas proceeding); *Givens v. Miller*, No. 15CV2877-GPC (PCL), 2017 WL 840658, at *2 (S.D. Cal. Mar. 3, 2017) (taking judicial notice of two dispositions of disciplinary hearings for two separate RVRs), aff'd, 708 F. App'x 354 (9th Cir. 2017). Taking judicial notice of an RVR does not, however, mean that the factual allegations contained in an RVR are deemed to be true. A court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"), overruled on other grounds, *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Clark v. Citizens of Human., LLC*, 97 F. Supp. 3d 1199, 1202 (S.D. Cal. 2015) ("While a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, it should not take notice of the truth of the facts cited therein," citation & internal quotation marks omitted).

Here, the Court should take judicial notice of the Legal Status Summary dated November 20, 2023, and the existence and contents of the RVR and Disciplinary Hearing Results concerning

Log No. 5252647. *M/V Am. Queen*, 708 F.2d at 1491; *Clark*, 97 F. Supp. 3d at 1202.

### *Plaintiff's "Affidavit Request for Discovery"*

Plaintiff contends that because he did not have adequate notice that Defendant's motion to dismiss may be treated as a motion for summary judgment, he "must be given the opportunity to present all material pertinent to the motion." (Doc. 25 at 9.) Plaintiff states he cannot properly oppose Defendant's motion "as there is a genuine issue of material fact sufficient to show that Plaintiff sustained injurys [sic] consistent with the video recording came from the wrongful unwarranted application of force used by Defendant G. Gomez." (*Id*. at 10.) He states that granting Defendant's motion to dismiss on statute of limitations and *Heck* bar grounds "would deny discovery in those areas essential to oppose the motion," and he should be permitted to conduct discovery. (*Id.*)

### *Applicable Law*

The Ninth Circuit Court of Appeals has held:

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.

*United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal citations omitted).

Here, the Court need not and will not convert Defendant's motion to dismiss to a summary judgment motion. *Ritchie*, 342 F.3d at 907-08. It will consider the materials extraneous to Plaintiff's complaint, his prison sentence, a reduction in his good time credits following the rules violation disciplinary proceeding, "and the existence and content" of the RVR, because those materials are properly subject to judicial notice. *Id.* Therefore, Plaintiff has not been denied "an opportunity to present all material pertinent to the motion" as Defendant's motion arises under Rule 12(b)(6) and the materials provided by Defendant are properly considered. Plaintiff's "request for discovery" should be denied.

//

## V. APPLICABLE LEGAL STANDARDS

*Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

*Statute of Limitations*

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The Ninth Circuit has reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988); *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987).

1    California's two-year statute of limitations for personal injury actions applies to section 1983 claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. In addition, California Code of Civil Procedure section 352.1(a) provides an extra two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period can also be tolled for various reasons, including equitable tolling. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes,* 31 Cal.4th 363, 370 (2003)) (internal quotation marks omitted).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal.3d 410, 414 (1974)); *see also Brown*, 422 F.3d at 943 ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

### *Heck v. Humphrey: The Favorable Termination Rule*

In *Heck v. Humphrey,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. In other words, if a criminal conviction, prison disciplinary hearing, or other judgment "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

The *Heck* bar applies in the prison disciplinary context if (1) the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and (2) if the restoration of those credits "necessarily" would "affect the duration of time to be served." *Muhammed v. Close*, 540 U.S. 749, 754 (2004) (per curiam); *see also Nettles v. Grounds*, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served'" [citations omitted]); *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement").

Whether a finding in favor of the inmate on his section 1983 claim will necessarily invalidate the disciplinary conviction is a fact-specific inquiry, and courts have reached different results depending upon the findings underlying the criminal or disciplinary conviction and the facts underlying the section 1983 claim. *See Smith v. City of Hemet*, 394 F.3d 689, 697-98 (9th Cir. 2005) (excessive force claim was not *Heck* barred where the force occurred subsequent to the conduct upon which the conviction for willfully resisting, delaying or obstructing peace office in performance of duties was based); *Cunningham v. Gates*, 312 F.3d 1148, 1153-55 (9th Cir. 2002) (inmate's felony murder conviction *Heck* barred any civil claim that he did not provoke the incident at issue and his excessive force claim).

//
//
//

## VI. DISCUSSION

### *A. It Is Unclear Whether Plaintiff's Claims Are Statutorily Barred*

Plaintiff's complaint, signed and dated September 29, 2022, was filed October 6, 2022. (Doc. 1, 3.) His claims arose on July 8 and 9, 2018. (Doc. 1 at 6-8.) Applying California's two-year statute of limitations for personal injury actions and an extra two years for those imprisoned like Plaintiff to "a term less than for life," the face of the complaint reveals that the action is barred by the statute of limitations because it was filed approximately nearly three months after the four-year limitations period expired.[3]

Plaintiff states he is entitled to tolling for the "three months after the [statute] of limitations deadline expired" because he sought state postconviction relief, (doc. 25 at 3), and pursued "his rights diligently," having filed a 602 inmate appeal "in less than 30 days" following the Court's dismissal without prejudice in case number 1:20-cv-00939-AWI-EPG. (*Id*. at 3-4.) He contends he "did not receive the exhaustion of his remedies until August 8, 2022." (*Id*. at 3-4.) The question whether Plaintiff's claims are barred by the statute of limitations is affected by Plaintiff's filing a prior suit concerning these same claims in this Court's case number 1:20-cv-00939.

Plaintiff initiated that action on July 7, 2020. (Docket, 1:20-cv-00939, Doc. 1.) The action remained pending for nearly two years until it was dismissed on March 24, 2022, for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Docket, 1:20-cv-00939, Docs. 51 [findings and recommendations] & 55 [order adopting].) Therefore, it appears Plaintiff filed a timely complaint in the earlier action concerning the same claims he has presented here, but that action was dismissed for his failure to exhaust administrative remedies.

Defendant contends Plaintiff had until July 9, 2022, to file his complaint. Assuming Plaintiff's allegation is true that he sought to exhaust his administrative remedies on May 15, 2022, Plaintiff may be entitled to tolling of the period between May 15, 2022 (when he filed his

---

[3] 10/6/22 – 7/9/2018 = 4 years, 2 months, 3 weeks, 6 days.

1   602 and before the statute of limitations expired) and August 8, 2022 (when final review
2   allegedly concluded), or 85 days.[4] Plaintiff did submit documentation to establish he filed
3   grievance Log No. 256902 on May 15, 2022 (Doc. 25 at 16-19), but there is no evidence
4   establishing exhaustion of his claims occurred on August 8, 2022, as he alleges. Plaintiff provides
5   no evidence in that regard; he provides only his grievance and an acknowledgment of its receipt
6   on May 17, 2022 (Doc. 25 at 15). Defendant has not presented evidence to the contrary and has
7   acknowledged that argument "would require submission of evidence beyond the face of the
8   complaint."

9   Plaintiff also alleges he is entitled to tolling for the period between August 8, 2022 (when
10  final review allegedly concluded) and for the "three months after the [statute] of limitations
11  deadline expired" because he was seeking "state postconviction relief." Plaintiff appears to
12  reference the period between July 9, 2022, and October 6, 2022, when he filed the complaint in
13  this action.

14  Whether the earlier filed action and Plaintiff's efforts to exhaust his administrative
15  remedies have any affect on tolling for purposes of this action cannot be answered by the
16  materials before the Court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d
17  954, 969 (9th Cir. 2010) ("'[A] complaint cannot be dismissed unless it appears beyond doubt
18  that the plaintiff can prove no set of facts that would establish the timeliness of the claim,'"
19  quoting *Supermail Cargo, Inc.*, 68 F.3d at 1206; *see also Klein v. Conanan*, No. 1:13-cv-00600-
20  GSA-PC, 2014 WL 4374229, at *4 (E.D. Cal. Sept. 3, 2014) ("In light of the factual disagreement
21  between the parties, the court cannot find that the running of the statute is apparent on the face of
22  the Complaint or that it appears beyond doubt that Plaintiff can prove no set of facts that would
23  establish the timeliness of his claim").

24  Accordingly, the Court will recommend that Defendant's motion to dismiss based on
25  statute of limitations grounds be denied without prejudice to the renewal of that defense at the
26  summary judgment stage.

---

[4] The statute of limitations "must be tolled while a prisoner completes the mandatory exhaustion process." *Brown*, 422 F.3d at 942, 943.

11

### B. *Plaintiff's Excessive Force Claim Is Not Barred by Heck*

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id*. at 7; *see also* id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind" [internal quotation marks & citations omitted]).

Plaintiff asserts he was the victim of an attack by three other inmates on July 9, 2018, and that "findings proclaimed the supported evidence of a 'not guilty' plea." (Doc. 1 at 6; *see also id*. at 7 ["Plaintiff was the victim in a '3 on 1' of Rule violation #:3005 (d)(1)"].) Plaintiff contends he was "battered while attempting to 'prone out'" and then again when attempting to follow orders. (*Id*.) Plaintiff contends he "was tripped [and] slammed down on the jagged gravel by Defendant G. Gomez no provocation or warning." (*Id*. at 7.) His face was then "crushed [and] pressed" to the ground by Gomez. (*Id*.) Plaintiff contends when Gomez "relinquished his body weight off Plaintiff" and before another officer arrived to complete the transport, Plaintiff was left lying "on the ground centered in his own blood from the [injuries] inflicted by the use of unnecessary [and] excessive force" by Gomez. (*Id*.) He contends he suffered an injury to his left eyebrow, requiring eight stitches (*id.* at 8) and that Gomez's actions were "maliciously inflicted" (*id*. at 9).

The rules violation report concerning the events giving rise to Plaintiff's claim states as follows:

> On July 9, 2018, at approximately 0740 Inmate Drumwright was

12

> involved in a Fight on Facility D Middle Recreation yard. Upon securing Drumwright in handcuffs, I escorted Drumwright from the Middle Recreation yard to the Facility D Patio towards Facility D Medical. During the escort I had control of his left forearm with my right hand. Drumwright became agitated and said, "Fuck all you Motherfuckers!" Due to Drumwright being contaminated with chemical agent during the incident, I offered Drumwright decontamination with cool, running water from the water spigot that is located on the patio, which he refused. As I continued with the escort across the Patio, Drumwright violently twisted his body to the left and attempting to pull away from me to break my grip. I placed my left hand on his left shoulder and using my strength in a downward motion, I forced him to the ground to affect custody. Drumwright landed on the ground on his stomach. I placed both my hands on his upper back and shoulder area. Once Drumwright was on the ground he stopped resisting. Correctional Officer Soto took control of inmate Drumwright and assisted him to his feet, escorting him to Facility D Medical holding cell area.

(Doc. 22-2 at 11.)[5] The Disciplinary Hearing Results conclude as follows:

> The reporting employees report which states in part "On July 9, 2018, at approximately 0740 Inmate Drumwright was involved in a Fight on Facility D Middle Recreation Yard. Upon securing Drumwright in handcuffs, I escorted Drumwright from the Middle Recreation yard to the Facility D Patio towards Facility D Medical. During the escort I had control of his left forearm with my right hand. Drumwright became agitated and said, "Fuck all you Motherfuckers!" Due to Drumwright being contaminated with chemical agent during the incident, I offered Drumwright decontamination with cool, running wat er from the water spigot that is located on the patio, which he refused. As I continued with the escort across the Patio, Drumwright violently twisted his body to the left and attempting to pull away from me to break my grip, I placed my left hand on his left shoulder and using my strength in a downward motion, I forced him to the ground to affect custody. Drumwright landed on the ground on his stomach. I placed both my hands on his upper back and shoulder area. Once Drumwright was on the ground he stopped resisting" [¶] The inmate's plea of "Not Guilty" Entered and statement of "I was never exposed to O.C. I don't know why they slammed me on the ground, I didn't do anything" [¶] The incident package associated with the Resisting A Peace Officer to include all staff reports and the CDCR 7219 Medical Report of Injury [¶] After review of all the evidence and considering the defense by Drumwright, there is sufficient evidence to find Drumwright Guilty of the Charge of Willfully Resisting a Peace Officer in the Performance of their Duties. The incident was observed by Multiple staff to include Sgt. Huckleberry who completed a CDCR 837C confirming Drumwright's actions. Physical force was required to stop the resistive actions of Drumwright and

---

[5] The quoted material includes the Court's correction to various words appearing in the document that are missing an "i." *See, e.g.*, "Pat o" or "pat o" become "patio," "wh ch" becomes "which," and "chem cal" becomes "chemical."

> the CDCR 7219 completed on the day of incident shows that Drumwright was exposed to O.C.. Drumwright's defense hold no weight as the evidence to the contrary is clear. Therefore, SHO finds Drumwright Guilty.

(Doc. 22-2 at 18.)[6]

The conviction was for willfully resisting a peace officer under California Code of Regulations title 15, § 3005(d)(1), which states: "Inmates shall not willfully commit or assist another person in the commission of assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." The critical inquiry is whether the finding of excessive force would "necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement."

Defendant contends "the facts relied on for the guilty finding are 'fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought" because a fact finder "could not conclude both that Officer Gomez forced Drumwright to the ground without any provocation *and* that Drumwright violently resisted the escort requiring him to be taken to the ground." (Doc. 22 at 8, italics in original.)

In *Green v. Goldy*, No. CIV S-10-0162 DAD P, 2011 WL 2445872 (E.D. Cal. June 15, 2011), the plaintiff alleged that defendant Goldy pulled plaintiff out of the pill line and escorted him in handcuffs to the B Facility Program Office. *Green*, at *1. Plaintiff alleged that during the escort, defendant attempted to shove plaintiff's head into a fence post and a door frame. *Id*. He asserted defendant also ordered him to enter "Cage 1," but as plaintiff complied, the defendant pushed him forward and caused plaintiff to fall. *Id*. Defendant then forced plaintiff's face into the pavement resulting in an injury to plaintiff's head, necessitating twelve stitches, and sought monetary damages. *Id*. Following disciplinary proceedings, the plaintiff was found guilty of resisting a peace officer requiring the use of force in violation of section 3005(d) of the California Code of Regulations and was assessed a 90-day loss of credits and yard privileges. *Id*. at *4. The Court found "a conviction for resisting a peace officer under California law does not necessarily preclude an excessive use of force claim pursuant [to] § 1983," and noted that "California district

---

[6] Again, the quoted material includes the Court's correction to various words appearing in the document that are missing an "i."

14

1  courts have determined on numerous occasions that Eighth Amendment claims under
2  circumstances similar to those presented here at not *Heck*-barred." *Id.* at \*6, citing, among others,
3  *El-Shaddai v. Wheeler*, No. CIV S-06-1898 KJM EFB P, 2011 WL 1332044 at \*5 (E.D. Cal. Apr.
4  5, 2011) (an Eighth Amendment excessive use of force claim is not *Heck*-barred because "a
5  judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity
6  of his disciplinary conviction" for willfully resisting a peace officer). *See also Williams v.*
7  *Marshall*, No. CV 13-1551-AB (KK), 2017 WL 3124185, at \*8 (C.D. Cal. Apr. 24, 2017) ("it is
8  possible for Plaintiff to prevail on his excessive force claim without necessarily finding his prison
9  disciplinary conviction invalid. … For example, Plaintiff could establish that, although he
10 violated section 3005(g) of the California Code of Regulations by resisting correctional officers
11 thereby requiring a response of physical force, Defendants' responsive use of force was malicious
12 and sadistic, and inflicted with the intent to cause harm as opposed to restore order. …
13 Ultimately, the conclusion Plaintiff violated prison regulations requiring prison officials to use
14 physical force is a separate question from whether the officials' responsive use of force was
15 excessive in violation of the Eighth Amendment"); *Perez v. Padilla*, No. 1:14-cv-01730-DAD-
16 EPG, 2017 WL 915296, at \*5-6 (E.D. Cal. Mar. 8, 2017) (same); *Shelton v. Chorley*, No. 1:07-
17 cv-0560-MHM, 2011 WL 1253655, at \*4 (E.D. Cal. Mar. 31, 2011) (same).
18     Therefore, because Plaintiff may have willfully resisted Defendant Gomez during the
19 escort and Defendant Gomez may have used excessive force in subduing Plaintiff, the Court will
20 recommend the motion to dismiss be denied.

21     **IV.     CONCLUSION AND RECOMMENDATIONS**
22     For the reasons stated above, the Court **RECOMMENDS**:
23     1. Plaintiff's "request for discovery" be denied;
24     2. Defendant's motion to dismiss based on statute of limitations grounds be denied
25        without prejudice to Defendant raising the issue at summary judgment; and
26     3. Defendant's motion to dismiss based on the favorable termination rule, or *Heck* bar, be
27        denied.
28     These Findings and Recommendations will be submitted to the district judge assigned to

15

this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2024**                       /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE