**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARQUISE LOUISE DRUMWRIGHT, | Case No. 1:22-cv-1410 JLT SKO (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| G. GOMEZ, | |
| Defendant. | (Docs. 22, 32) |

Marquise Louis Drumwright asserts Correctional Officer G. Gomez violated his civil rights arising under the First and Eighth Amendments while incarcerated at Kern Valley State Prison. (Doc. 1; Doc. 15.) Gomez moves to dismiss the complaint, asserting the case was filed "three months beyond the four-year limitations period within which Drumwright was required to bring suit." (Doc. 22 at 3.) In addition, Defendant asserts the "Eighth Amendment excessive-force claim is also barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997)." (*Id.*) Plaintiff opposed the motion, and requested he be permitted to conduct discovery. (Doc. 25.)

As an initial matter, the magistrate judge found discovery was not necessary, because the Court was not converting the motion to dismiss to a motion for summary judgment, and it would only consider the complaint and matters subject to judicial notice. (Doc. 32 at 6.) Therefore, the magistrate judge recommended that the Court deny Plaintiff's "request for discovery." (*Id.*)

1

Opposing the motion to dismiss, Plaintiff also asserted he was entitled to equitable tolling of the statute of limitations. (Doc. 25 at 3-4.) The magistrate judge found "[t]he question whether Plaintiff's claims are barred by the statute of limitations is affected by Plaintiff's filing a prior suit concerning these same claims in this Court's case number 1:20-cv-00939." (Doc. 32 at 10.) The magistrate judge observed that Case No. 20-cv-00939 "remained pending for nearly two years until it was dismissed on March 24, 2022, for Plaintiff's failure to exhaust his administrative remedies prior to filing suit." (*Id.*) After the Court dismissed the action, Plaintiff submitted a 602 inmate appeal. (*Id.*) The magistrate judge found that "Plaintiff may be entitled to tolling of the period between May 15, 2022 (when he filed his 602 and before the statute of limitations expired) and August 8, 2022 (when final review allegedly concluded), or 85 days." (*Id.* at 10-11, footnote omitted.) Because resolution of the statute of limitations and tolling issue "would require submission of evidence beyond the face of the complaint"— as Defendant acknowledged—the magistrate judge recommended the "motion to dismiss based on statute of limitations be denied without prejudice to the renewal of that defense at the summary judgment stage. (*Id.* at 11.)

Next, the magistrate judge found Plaintiff's excessive force claim is not barred by *Heck* based upon the identified Rules Violation Report and Disciplinary Hearing results. (Doc. 32 at 12-15.) Defendant asserted in the RVR that he used force during an escort after "Drumright became agitated" and then "Drumwright violently twisted his body to the left and attempt[ed] to pull away…" (*Id.* at 13, quoting Doc. 22-2 at 18) Plaintiff was convicted "for willfully resisting a peace officer under California Code of Regulations title 15, § 3005(d)(1), which states: 'Inmates shall not willfully commit or assist another person in the commission of assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person.'" (*Id.* at 14.) The magistrate judge noted this Court previously determined "a conviction for resisting a peace officer under California law does not necessarily preclude an excessive use of force claim pursuant [to] § 1983." (*Id.* at 14, citing *Green v. Goldy*, 2011 WL 2445872, at *6 (E.D. Cal. June 15, 2011).) The magistrate judge opined that "because Plaintiff may have willfully resisted Defendant Gomez during the escort and Defendant Gomez may have used excessive force in subduing Plaintiff," the *Heck* bar should not be applied. (*Id.* at 15.) Thus, the magistrate judge

2

recommended the motion to dismiss Plaintiff's excessive force claim be denied. (*Id.*)

Defendant filed timely objections to the Findings and Recommendations. (Doc. 33.) Defendant does not object to the findings related to the statute of limitations and equitable tolling. (*See generally id.* at 2-4.) However, Defendant objects to the "finding that Drumwright's excessive force claim does not necessarily conflict with his disciplinary conviction." (*Id.* at 1.)

Defendant acknowledges that "whether a finding in favor of the inmate on his section 1983 claim will necessarily invalidate the disciplinary conviction is a fact-specific inquiry, and courts have reached different results depending upon the findings underlying the criminal or disciplinary conviction and the facts underlying the section 1983 claim." (Doc. 33 at 2.) Defendant notes Plaintiff alleges that "Defendant tripped and slammed him with 'no provocation or warning.'" (*Id.*, quoting Doc 1 at 7.) According to Defendant, the "excessive force claim, which is premised on these allegations, directly conflicts with his disciplinary conviction for the same incident under Cal. Code Regs. tit. 15 § 3005(d)(1)." (*Id.*) Defendant contends *Green* is distinguishable, because here Plaintiff alleges the "use of force was unprovoked." (*Id.* at 3.) Rather, Defendant contends the facts before the Court are analogous to those addressed in *Goodwin v. Billings*, 2018 U.S. Dist. LEXIS 116471 at *6-7, 2018 WL 3424722 (E.D. Cal. July 12, 2018). (*Id.* at 3-4.) Defendant requests that if the Court finds the excessive force claim is not barred by *Heck*, the motion to dismiss be denied "without prejudice, such that Defendant may raise the issue at summary judgment." (*Id.* at 4.)

In *Goodwin*, the underlying incident also involved a prisoner escort, during which Goodwin was escorted across the yard by officers Billings and Yang. *Id.*, 2018 WL 3424722, at *3. Goodwin "resisted the officers" as they approached the housing unit, and "[a] struggle ensued" during which Goodwin "forcefully struck Defendant Billings with his shoulder" and "Yang forced [Goodwin] to the ground in an attempt to subdue him." *Id.* Goodwin was charged with battery on Billings and convicted by a jury of battery under Cal. Penal Code § 4501.5. *Id.* In the civil action, Goodwin sought to hold Billings and Yang liable for failure to protect, asserting that the officers "were aware of a chrono that documented Plaintiff's enemy concerns in the B yard and were warned by medical staff of Plaintiff's security concerning regarding enemies

3

within that yard." *Id.* at *1.  Goodwin asserted that "he did not batter Defendant Billings," but rather "slowly and professionally let his body weight go down to a sitting position… because Defendants knew or should have known that they were taking him into harm's way." *Id.* at *4.  The Court determined Goodwin "could not have been convicted of battery, an act which necessarily means an unlawful and willful use of force was applied to … Billings, and now allege a theory that directly contradict his previously established criminal conduct." *Id.* Further, the Court found a claim for excessive force was "foreclosed" because the officers' "conduct occurred within the same temporal space as the battery conviction, not separate from it." *Id.* at *5.  The Court explained "there is no break between the battery… and Billing's alleged act to bring Plaintiff back under his control." *Id.*  In contrast, here, the facts alleged suggest a break between the resistance for which Plaintiff was found guilty and the alleged unconstitutional violation by Defendant.  Thus, Defendant's reliance upon *Goodwin* appears misplaced.

      Plaintiff not only alleges that he "was tripped [and] slammed down on the jagged gravel" by Defendant, but also that his face was "then crushed an[d] pressed" into the ground by Defendant during the escort. (Doc. 1 at 6-7.)  Plaintiff alleges this caused an injury to his left eyebrow that required eight stiches.  (*Id.* at 8.)  In the RVR, Defendant reported that during the escort in question, he "forced [Plaintiff] to the ground to affect custody" and that "[o]nce Drumwright was on the ground he stopped resisting." (Doc. 22-2 at 11.)  These facts were adopted in the Disciplinary Hearing Results and Plaintiff's guilty determination.  (*Id.* at 18.) Importantly, Defendant indicated Plaintiff stopped resisting once on the ground, and it appears Plaintiff alleges at that point. his face was "crushed an[d] pressed into the ground." (Doc. 1 at 7.) As the magistrate judge observed, "Plaintiff may have willfully resisted Defendant Gomez during the escort *and* Defendant Gomez may have used excessive force in subduing Plaintiff." (Doc. 32 at 15, emphasis added.)

      Significantly, the Ninth Circuit determined that an excessive force claim may not be barred by *Heck* when a conviction and a Section 1983 claim are "based on different actions during 'one continuous transaction.'"  *Hooper v. Cty. of San Diego*, 629 F.3d 1127 (9th Cir. 2011); *see also Sanford v. Motts,* 258 F.3d 1117, 1120 (9th Cir. 2001) ("If the officer used excessive force

4

subsequent to the time [the plaintiff] interfered with the officer's duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar.")  Toward that end, "a disciplinary conviction for battery does not pose a *Heck* bar when the plaintiff alleges 'a factual scenario that would potentially allow for his § 1983 claims to coexist with his prison disciplinary finding.'" *Blocker v. Solis*, 2023 WL 10479566, at *5 (C.D. Cal. Dec. 18, 2023) (quoting *Brown v. Holland*, 2014 WL 1339687, at *4 (N.D. Cal. Mar. 28, 2014)).

The Court is unable to conclusively determine at this time—when it is constrained to the allegations of the complaint and directed to liberally construe the pleadings of a pro se litigant—that there was not a break between the actions for which Plaintiff was convicted in the RVR and allegations in the complaint for excessive force.  *See Perez v. Padilla*, 2017 WL 915296, at *5 (E.D. Cal. Mar. 8, 2017) (where "contradictory facts relate to what happened after the alleged resistance to the officer," it is possible to find the officer used excessive force "without invalidating the guilty findings of resisting/obstructing a peace officer"); *see also Williams v. Marshall*, 2017 WL 3124185, at *8 (C.D. Cal. Apr. 24, 2017) ("the conclusion Plaintiff violated prison regulations requiring prison officials to use physical force is a separate question from whether the officials' responsive use of force was excessive..").  The Court declines to find that Plaintiff's claim is barred by *Heck*.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.  Having carefully reviewed the matter, including Defendant's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 13, 2024 (Doc. 32), are **ADOPTED**.

///

///

---

[1] The Court grants Defendant's request that the denial be without prejudice to raising the issue on summary judgment following discovery.  *See, e.g., Wilson v. Doe*, 2022 WL 4227552, at *5 (C.D. Cal. Aug. 19. 2022) (denying a motion to dismiss a claim as barred by *Heck* "without prejudice to its reasserting on summary judgment on a fuller factual record"), *adopted* 2022 WL 4225378 (C.D. Cal. Sept. 13, 2022).

2. Plaintiff's "affidavit request for discovery," construed as a motion for discovery prior to adjudication of the pending motion, (Doc. 25 at 9) is **DENIED**.

3. Defendant's motion to dismiss (Doc. 22) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **September 29, 2024**

UNITED STATES DISTRICT JUDGE