1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MARQUISE LOUIS DRUMWRIGHT,          Case No.: 1:22-cv-01410-JLT-SKO (PC)

12            Plaintiff,                  **FINDINGS AND RECOMMENDATIONS
                                          TO DISMISS ACTION WITHOUT
13        v.                              PREJUDICE FOR PLAINTIFF'S
                                          FAILURE TO OBEY LOCAL RULES
14   C. HUCKLEBERRY, et al.,              AND FAILURE TO PROSECUTE**

15            Defendants.                 **14-DAY OBJECTION DEADLINE**

16                                        **ORDER DENYING DEFENDANT'S
                                          MOTION FILED AUGUST 26, 2025, AS
17                                        MOOT**

18                                        (Doc. 51)

19        Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to

20   42 U.S.C. § 1983. The action proceeds against Defendant G. Gomez for violations of Plaintiff's

21   First and Eighth Amendment rights.

22        **I.      INTRODUCTION**

23        On April 9, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 47.)  On

24   July 3, 2025, Defendant filed a motion seeking to modify the scheduling order by extending the

25   deadline within which to file an exhaustion-based summary judgment motion. (Doc. 48.) On July

26   8, 2025, Defendant filed a notice stating Plaintiff had been released from custody but had failed to

27   update his address as required by this Court's Local Rules. (Doc. 49.)

28        On July 9, 2025, the Court issued its Order Granting in Part Defendant's Motion to

1    Modify the Discovery and Scheduling Order, extending the relevant deadline by 75 days rather

2    than the 125 days requested by Defendant. (Doc. 50.) The order was served on Plaintiff that same

3    date.  On July 23, 2025, that order was returned by the United States Postal Service (USPS)

4    marked "Undeliverable," "Undeliverable as Addressed," and "Unable to Forward."

5        On August 26, 2025, Defendant filed a motion to modify the scheduling order by staying

6    the case pending Plaintiff updating his address of record. (Doc. 51.)

7        **II.    DISCUSSION**

8        As discussed below, Plaintiff has failed to keep the Court apprised of his current address,

9    and the undersigned will recommend this action be dismissed without prejudice.

10                    ***Applicable Legal Standards***

11        The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

12    "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

13    be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule

14    or within the inherent power of the Court." Local Rule 110. "District courts have inherent power

15    to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

16    of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

17    A court may dismiss an action based on a party's failure to prosecute an action, obey a court

18    order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

19    1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*

20    *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

21    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

22    prosecute and to comply with local rules).

23        Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the

24    Clerk and all other parties of any change of address …. Absent such notice, service of documents

25    at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b)

26    states that a "party appearing in propria persona shall keep the Court and opposing parties advised

27    as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is

28    returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

1    parties within thirty (30) days thereafter of a current address, the Court may dismiss the action

2    without prejudice for failure to prosecute." (Emphasis omitted.)

3         "In determining whether to dismiss an action for lack of prosecution, the district court is

4    required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

5    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

6    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

7    sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &

8    citation omitted). These factors guide a court in deciding what to do and are not conditions that

9    must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

10   *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

11                                  *Analysis*

12        Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of

13   his current address. According to the Court's docket, Plaintiff's address of record is "Mule Creek

14   State Prison, P.O. Box 409020, Ione, CA 95640." All orders issued by the Court since October 6,

15   2022, have been served at that address. On July 23, 2025, mail directed to Plaintiff was returned

16   to the Court marked "Undeliverable" by USPS and no forwarding address was available. A recent

17   search of the CDCR's California Incarcerated Records and Information Search (CIRIS) tool using

18   Plaintiff's full name and CDCR number revealed "No Results."[1] Because Plaintiff has failed keep

19   the Court apprised of his current address, this action is subject to dismissal.[2] In light of the

20   Court's inability to communicate with Plaintiff, there are no other reasonable alternatives

21   available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the

22   first and second factors, the expeditious resolution of litigation and the Court's need to manage its

---

[1] https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=AR6719;
https://ciris.mt.cdcr.ca.gov/results?lastName=drumwright&firstName=marquise, last accessed 8/29/2025.

[2] This Court takes judicial notice of another action filed in this Court by Plaintiff, titled *Drumwright v. Pascua*, case number 1:20-cv-01055-KES-CDB, where District Judge Kirk E. Sherriff issued an Order Adopting the assigned magistrate judge's Findings and Recommendations to dismiss for Plaintiff's failure to keep the Court apprised of his current address on August 25, 2025. (*See* 20-1055 Docket, entry number 28.) *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

3

1  docket, weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

2          The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal

3  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

4  action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, discovery commenced

5  on April 9, 2025. However, these proceedings are essentially at a standstill because of Plaintiff's

6  failure to keep the Court and the parties apprised of his current address. Plaintiff has unreasonably

7  delayed the prosecution of this action since at least July 23, 2025, when mail directed to Plaintiff

8  was returned to the Court as undeliverable.[3] Thus, the third factor also weighs in favor of

9  dismissal. *Carey*, 856 F.2d at 1440-41.

10          The fourth factor usually weighs against dismissal because public policy favors

11  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

12  "this factor lends little support to a party whose responsibility it is to move a case toward

13  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

14  F.3d at 1228. Although Plaintiff is responsible for moving this case toward disposition on the

15  merits, he has stopped communicating with the Court and has failed to comply with the Court's

16  Local Rules. More than 30 days have passed since the USPS returned the Court's July 9, 2025,

17  order marked undeliverable, but Plaintiff has failed to file a notice of change of address in

18  compliance with Local Rule 183(b). Therefore, the fourth factor, the public policy favoring

19  disposition of cases on their merits, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

20          Finally, the Court's warning to a party that failure to obey the court's orders will result in

21  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

22  In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued November 2,

23  2022, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this

24  Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United

25  States District Court, Eastern District of California ("Local Rules"), as modified by this Order.

26  Failure to so comply will be grounds for imposition of sanctions which may include dismissal of

27

28  [3] Defendant's notice filed July 8, 2025, states a search of the CIRIS tool as of July 7, 2025, returned no results for Plaintiff. (*See* Doc. 49.)

4

the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[4] [5] Here, Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

Defendant's pending motion to modify the scheduling order and to stay the case pending Plaintiff updating his address is moot given these findings and the undersigned's recommendation. If Plaintiff updates his address of record before the assigned district judge's *de novo* review, the Court will *sua sponte* modify the scheduling order.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, Defendant's motion to modify the scheduling order and to stay this action (Doc. 51) is **DENIED** as moot.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

---

[4] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 5 at 7.)

[5] As of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days; more than 30 days have elapsed since the USPS returned mail directed to Plaintiff marked undeliverable.

5

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 2, 2025**                      */s/ Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE